CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE W. ALSTON, | ) |
| Plaintiff, | ) Case No. 7:25-cv-00567 |
| v. | ) **MEMORANDUM OPINION** |
| HEARING OFFICER C.B. KING, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Clarence W. Alston, proceeding pro se, filed this civil-rights action under 42 U.S.C. § 1983 against Defendant Hearing Officer C.B. King. (*See* Compl. 1 [ECF No. 1].) This matter is presently before the court on Plaintiff's motion seeking a temporary restraining order ("TRO"). (*See* Pl.'s Mot. for TRO [ECF No. 5].) For the following reasons, the court will deny Plaintiff's motion.

I.

Plaintiff alleges that, on September 12, 2023, while incarcerated at Wallens Ridge State Prison ("WRSP"), he received two disciplinary charges. (Compl. 2.) Prior to the hearing on these charges, Plaintiff submitted a request to present a witness and review video evidence. (*Id.*) Defendant King presided over Plaintiff's hearing and, though he allowed Plaintiff to review video footage, he refused Plaintiff's witness request. (*Id.*) Plaintiff claims that by refusing to allow him to present any witnesses, Defendant King violated Plaintiff's Fourteenth Amendment right to due process of law. (*Id.*)

After filing his complaint, Plaintiff filed a motion asking the court for a TRO against King and, if possible, against non-party Hearing Officer Ewing. (Pl.'s Mot. for TRO 1.)

Plaintiff argues that, because he has filed civil lawsuits against both King and Ewing, any disciplinary hearings he has while those actions are pending should be decided by the third hearing officer at Wallens Ridge State Prison, Officer Collins. (*Id.*) He represents that Officers King and Ewing have presided over other disciplinary hearings for Plaintiff after his lawsuit were filed and that they found him guilty of a separate infraction and imposed the maximum fine of $25.00 and took Plaintiff's commissary privileges "just for having a piece of paper in my door window of my cell." (*Id.*) Plaintiff urges that King and Ewing found him guilty as retaliation for his filing lawsuit against them. (*Id.*) He also claims that several of the officers at Wallens Ridge "hate" Plaintiff and write him "crazy charges" because they do not like him for accusing them of bringing "dip" tobacco into the prison. (*Id.* at 2–3.)

## II.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctions. Such remedies, however, are "extraordinary and drastic" and are "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining it is "unnecessary to address all four factors

when one or more had not been satisfied"). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts.") (citations omitted).

## III.

To warrant a TRO, Plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). Here, though Plaintiff has alleged a past instance of wrongdoing and harm by Defendant King, he has not offered any specific allegations showing he faces actual and imminent harm in the future. A plaintiff's non-specific assertions about possible future violations are not enough to justify injunctive relief. *See Price v. Hubbard*, No. 7:24-CV-00495, 2024 WL 5053110, at *4 (W.D. Va. Dec. 10, 2024) (finding that a claim that the defendant had overtly "threatened to assault" plaintiff and "write more false charges" was too vague to warrant a preliminary injunction); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) (describing allegation that plaintiff is "constantly being threatened and retaliated against with false charges" as "vague, lacking any details regarding who has threatened him, when, where, or with what charges").

Moreover, Plaintiff has not shown that the alleged "harm" he faces is irreparable. "[H]arm is not 'irreparable' if it can be compensated by money damages." *JTH Tax, LLC v. Shahabuddin*, 477 F. Supp. 3d 477, 485 (E.D. Va. 2020) (quoting *Person v. Mayor & City Council of Baltimore*, 437 F. Supp. 2d 476, 479 (D. Md. 2006)). In support of his motion for ta TRO, Plaintiff alleges that, as a result of King and/or Ewing finding him guilty of an unidentified disciplinary infraction, he was fined $25.00 and his commissary privileges were suspended. These injuries, even to the extent they were a result of unconstitutional retaliation, can be easily redressed by damages following a successful lawsuit. Nothing about the penalties imposed suggests that Plaintiff faces future harm that is actual, imminent, and irreparable. Therefore, he is not entitled to a temporary restraining order, and the court will deny his motion.

## IV.

For the reasons set forth above, Plaintiff's motion seeking a temporary restraining order (ECF No. 5) will be denied.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 21st day of October, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE