CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 04, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLARENCE W. ALSTON, )
)
Plaintiff, ) Case No. 7:25-cv-00567
)
) **MEMORANDUM OPINION**
v. )
)
HEARING OFFICER C.B. KING, ) By: Hon. Thomas T. Cullen
) United States District Judge
Defendant. )

---

Plaintiff Clarence W. Alston, a Virginia inmate proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging that he was denied due process in connection with a prison disciplinary hearing. The sole defendant, Hearing Officer C.B. King, has moved for summary judgment. (*See* Def.'s Mot. for Summ. J. [ECF No. 18].) For the reasons discussed below, King's motion will be granted.

## I.

Alston filed this case on August 18, 2025. (*See* Compl. [ECF No. 1].) The facts set forth herein are taken from the pleadings, including the verified complaint, and declarations and exhibits filed by the parties. (*See* Def.'s Ex. 1, King Aff., Encl. A–D [ECF No. 19-1]; Def.'s Ex. 2, Audio Recording of October 10, 2023, Disciplinary Hearing [ECF No. 19-2].)[1]

---

[1] Along with his response to the motion for summary judgment, Alston submitted some of the same documents included as attachments to King's affidavit. (*See* ECF Nos. 22, 22-1.)

### A. General background

The events alleged in this lawsuit occurred when Alston was incarcerated at Wallens Ridge State Prison. (*See* Compl.)[2] King is an Inmate Hearings Officer at Wallens Ridge.

### B. Plaintiff's allegations

Alston alleges that he received two charges on September 12, 2023. (Compl. at 2.) In connection with the hearing on these charges, Alston requested witnesses and the opportunity to review the video footage. (*Id.*) Defendant King allowed Alston to review the video footage but denied his request for witnesses. (*Id.*) Alston alleges that the denial of witnesses violated his right to due process. (*Id.*) Alston is seeking $100,000 in damages for mental and emotional distress. (*Id.* at 3.)

### C. Defendant's motion and evidence

On September 12, 2023, Sgt. Cope issued a disciplinary charge against Alston for "Tampering with Materials, Devices, Equipment Related to Security/Safety of the Institution" (Offense Code 120B), Case No. WRSP-2023-2914. (King Aff. ¶ 5, Encl. B, ECF No. 19-1 at 40 of 71.) Sgt. Cope wrote that "[o]n September 12, 2023, at approximately 6:45 AM inmate C. Alston #1038897 used his arm to prevent the closure of his tray slot and refused multiple orders to cease his disruptive behavior. Charged per OP 861.1." (King Aff. ¶ 6, Encl. B, ECF No. 19-1 at 40 of 71.)

Alston was served with the charge and advised of his rights. (King Aff ¶ 7, Encl. B, ECF No. 19-1 at 40 of 71.) On the acknowledgement form, Alston checked that he did not want a staff or inmate advisor; that he wanted to request witnesses and documentary evidence;

[2] Alston is currently incarcerated at River North Correctional Center. (ECF No. 26.)

that he did not want to waive his 24-hour preparation time prior to the hearing; and that he wanted to appear in person at the hearing. (*Id.*) Alston was given a copy of the charge, and the hearing was set for September 19, 2023. (*Id.*) Alston declined a penalty offer for the loss of phone privileges for 90 days. (*Id.* ¶ 9, Encl. B, ECF No. 19-1 at 42 of 71.)

The hearing date was postponed on two occasions. (*Id.* ¶ 10, Encl. B, ECF No. 19-1 at 45–46 of 71.) The final continuance date was October 10, 2023. (*Id.*) Alston was provided copies of the notices. (*Id.*)

On September 15, 2023, Alston submitted an "Inmate Evidence Request" asking for permission to review Sgt. Cope's body camera footage for cell B-115 on September 12, 2023, at 6:45 a.m. King determined that Alston should be allowed to review the requested evidence, and Alston viewed the body camera footage on September 25, 2023, in the Intel Office. (*Id.* ¶ 11, Encl. B, ECF No. 19-1 at 44 of 71.) However, Alston refused to sign the form certifying that he was allowed to view the evidence before the disciplinary hearing. (*Id.*)

King completed a Summary of Evidence form pertaining to Alston's charge. King outlined the following findings: "An inmate in B115 can be seen on Sergeant Cope's body camera with his arms out of the tray slot preventing it from being secured." (*Id.* ¶ 12, Encl. B, ECF No. 19-1 at 43 of 71.) This form, dated September 25, 2023, is part of Alston's disciplinary record and was provided to him at least two days prior to the disciplinary hearing. (*Id.*)

King received a witness request form from Alston on September 18, 2023. (King Aff. ¶ 13, Encl. C, ECF No. 19-1 at 48 of 71.) Alston requested two inmate witnesses: "name unknown cellmate" in B-115 and "name unknown" in B-116. (*Id.*) Alston also requested a

staff member identified as "Pod officer that worked Sgt." (*Id.*) King denied the request for witnesses because Alston did not submit his request within 48 hours of the September 15 charge. (*Id.*) King states that, in hindsight, he also should have checked the box on the form indicating that Alston's request form was incomplete because Alston did not identify the requested witnesses with enough specificity or detail. (King Aff. ¶ 13.)

The disciplinary hearing was conducted by King on October 10, 2023. (*Id.* ¶ 14.) Alston was present at the hearing and pleaded not guilty. Sgt. Cope was also present, which is required for a category I offense such as Offense Code 120B. (*Id.*) During the hearing, Alston became belligerent and argumentative. (*Id.* ¶ 15.) King told Alston he had to calm down or he would have to leave the hearing. (*Id.*) Alston continued arguing so King had him leave and return to his cell before the hearing was concluded. (*Id.*) After Alston left the hearing, King asked Sgt. Cope whom he identified as hanging out of the tray slot when he entered the pod. Cope responded that it was inmate Alston. (*Id.*) King found Alston guilty of tampering with a security device and penalized him with the loss of phone privileges for 90 days. (*Id.* ¶ 15, Encl. B, ECF No. 19-1 at 41 of 71; Ex. 2.) Alston was advised of his rights to appeal the decision to the facility unit head and to the Regional Director. (King Aff. ¶ 16, Encl. B, ECF No. 19-1 at 49 of 71.)

Alston appealed to the Warden at Level I of the appeal process. (*Id.* ¶ 17.) Warden Artrip upheld the decision on November 22, 2023. (*Id.*) Alston asserted on appeal that he was denied access to credible witnesses. (*Id.*) In response, Artrip wrote: "You did not submit a Witness Statement prior to your hearing, nor did you mention this during the hearing. Your major concern was that you did not get all that you thought you were entitled to with your

meal tray and that you were not given an order to place your hands back inside the tray slot. You were permitted to review the BWC footage." (*Id.*) The Warden also wrote: "No Witness Request was included in the disciplinary documentation that was uploaded on the system. Even if the Witness Request was denied, you would have been given a reason for the denial and that information would have been included on the recorded hearing." (King Aff. ¶ 18, Encl. D at 49–52.)

Alston appealed the Level I response to the Level II respondent, Regional Administrator Thomas Meyer. Alston again argued that he was denied access to credible witnesses. (*Id.* ¶ 20.) Meyer upheld the charge in a letter dated February 21, 2024. (*Id.*) Meyer emphasized that Alston "did not complete the Witness Request Form properly" and that he "gave no information as to what knowledge [the requested witnesses] may have had to assist [him]." (*Id.*, Encl. D at 55.)

**D. Alston's response**

In his response to King's motion for summary judgment, Alston asserts that "[t]hey are lying" and that he "can prove it if [he has his] day and date in court." (Pl.'s Resp. 1 [ECF No. 22].) Alston complains that King was leading Sgt. Cope at the hearing. (*Id.* at 1–2.) He asks that the court "subpoena the tape of that hearing" in order to hear that "these officers at Wallens Ridge and Red Onion are very corrupted." (*Id.* at 2.)[3] Alston argues that King did not give him 24 hours to complete his witness request form, which is required by prison guidelines. (*Id.* at 4 (citing Operating Procedure 861.1).) Alston also states that Sgt. Cope has been fired and that Officer King no longer works at Wallens Ridge. (*Id.* at 3; *see also* ECF No. 22-1 at 5.)

[3] As noted herein, King filed an audio recording of the hearing in support of his motion for summary judgment.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment under Rule 56, a court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The nonmoving party may not rely on conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874−75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315−16 (4th Cir. 1993).

## III.

Alston alleges that King violated his Fourteenth Amendment right to due process by denying his request for witnesses at the disciplinary hearing, resulting in a 90-day loss of telephone privileges. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Alston's claim fails under the first element. *See Alston v. Ewing*, No. 7:25-cv-00167, 2026 WL 2493377, at *5 (W.D. Va. Aug. 25, 2026) (dismissing claim by Alston that 180-day loss of phone privileges violated due process).

A liberty interest may arise from the Constitution itself or from a state law or policy. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest arises from the Constitution only where the prisoner is subject to "punishment or confinement beyond that contemplated by the original sentence imposed." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). Because a "denial of privileges" is "contemplated by [a prisoner's] original sentence to prison," *id.* (citing *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)), the loss of phone privileges does not deprive a prisoner of a liberty interest protected by the Constitution itself. *See Jones v. Andrews*, No. 1:20-cv-00251, 2020 WL 4809440, at *5 (E.D. Va. Aug. 18, 2020) (collecting cases); *United States v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) ("There is no constitutional . . . right to the use of a telephone while in prison."); *Coleman v. Long*, 772 F. App'x 647, 649 (10th Cir. 2019) ("Plaintiff does not derive a liberty interest in visitation and telephone privileges from the Constitution itself.").

Alston also does not have a state-created liberty interest in access to a telephone. To establish a state-created liberty interest, a prisoner must show: "(1) that there is a state statute, regulation, or policy that creates such a liberty interest, and (2) that the denial of such an interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin*, 858 F.3d 239, 253 (4th Cir. 2017)). With respect to the second element, courts have consistently held that the loss of phone privileges does not rise to the level of an atypical or significant hardship. *See Alston*, 2026 WL 2493377, at *5 (collecting cases); *see also Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175 (3d Cir. 2007) ("Because the withdrawal of phone

and visitation privileges for a limited period of time as a regular means of effecting prison discipline is not a dramatic departure from accepted standards for conditions of confinement, Castillo has no cognizable liberty interest for Fourteenth Amendment due process purposes.").

In the absence of a protected liberty or property interest, "the Due Process Clause requires no process." *Cartagena v. Lovell*, 103 F.4th 171, 184 (4th Cir. 2024). Accordingly, King is entitled to summary judgment.

**IV.**

For the reasons discussed above, the court will grant Defendant King's motion for summary judgment (ECF No. 18).

**ENTERED** this 4th day of November, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE